IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DEVON SHEAD,** *Individually, and on behalf of himself and others similarly situated,*

 Plaintiff,

**v.**  No._____

**MONTGOMERY ENTERPRISES, INC.**
and **T5 GROUP OF TENNESSEE, LLC,**   FLSA Collective Action
**d/b/a TAKE 5 OIL CHANGE**   **JURY DEMANDED**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Devon Shead ("Plaintiff") on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Collective Action Complaint, averring as follows:

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and those similarly situated.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated at one and one-half times their regular hourly rate of pay for all hours worked over forty (40) per week within weekly pay periods during all times material, as required by the FLSA.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1331.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendants to perform work in this District, and Defendants have conducted business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

5. Defendant Montgomery Enterprises, Inc., is a Mississippi corporation and the parent corporation of Defendant T5 Group of Tennessee, LLC. It does business as Take 5 Oil Change and its corporate headquarters are located at 402 South Adams Street, Fulton, Mississippi 38848. Its registered agent for service of process is Larry Montgomery, 414 East Main Street, Fulton, MS 38843.

6. Defendant T5 Group of Tennessee, LLC is a subsidiary of Defendant Montgomery Enterprises, Inc., and does business as "Take 5 Oil Change." Its corporate headquarters are located at 1340 Creekview Cove, Collierville, TN 38017-8620. Its registered agent for service of process is Chad Grisham, 1340 Creekview Cove, Collierville, TN 38017-8620.

7. On information and belief, Defendant Montgomery Enterprises, LLC and T5 Group of Tennessee, LLC, are an "integrated enterprise" and/or jointly employ(ed) Plaintiff and those similarly situated during all times mentioned herein; Defendants exercised control and direction over the job duties and pay practices related to Plaintiff and class members.

8. Plaintiff Devon Shead was employed by and worked for Defendants as an hourly-paid employee during the three-year period immediately preceding the filing of this Complaint. Plaintiff Shead's Consent to Join this collective action is attached hereto as *Exhibit A*.

9. Plaintiff and each class member have been "employees" of Defendants as defined by the

FLSA during all times relevant to this action.

## FACTUAL BASIS FOR SUIT

10. Plaintiff Devon Shead was employed by Defendants and performed work for them at one of their Take 5 Oil Change operations in Memphis, Tennessee during the three (3) year period preceding the filing of this action.

11. Defendants are franchisees of Take 5 Oil Change and own and operate Take 5 Oil Change operations throughout Tennessee and Mississippi.

12. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C, § 203(d).

13. At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(1) of the FLSA and, worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

14. At all times material to this action, Defendants has been a joint enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid employees also have engaged in commerce and/or the production of goods for commerce during the applicable statutory period.

15. Plaintiff and those similarly situated typically worked 40 or more hours within weekly pay periods during all times material to this action.

16. Defendants have had a common de facto policy, actual practice, and plan of directing, requiring, imposing, expecting and/or, suffering and/or permitting, Plaintiff and similarly situated hourly-paid employees to work "off-the-clock" during all times material herein.

17. These plans, practices, and/or de facto policies manifested themselves a variety of ways, including but not limited to the following:

    a) Plaintiff and those similarly situated were not paid at the applicable FLSA overtime compensation rates of pay for the pre-shift work-related tasks they performed; and,

    b) Plaintiff and those similarly situated were not paid at the applicable FLSA overtime compensation rates of pay for the post-shift work-related tasks they performed.

18. These "off-the-clock" claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

19. Defendants were aware of the unpaid "off-the-clock" work time performed by Plaintiff and those similarly situated and have unjustly enriched themselves and enjoyed ill gained profits.

20. Defendants' actions violated the FLSA, 29 U.S.C. § 207(a)(1).

21. As a result of Defendants' failure to pay Plaintiff and those similarly in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

23. The proposed collective class of similarly situated persons is defined as:

    All current and former hourly-paid employees of Defendants who performed work for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint.[1] (Collectively, "class members").

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

24. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia,* Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as mandated by the FLSA.

25. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' compensation plans, policies and practices.

26. Plaintiff and class members were subjected to Defendants' common plans, policies and practices of being directed, required, imposed, expected and/or, suffered and permitted, to perform work "off-the-clock" without being compensated for it at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material, as previously described.

27. In addition, Plaintiff and class members are similarly situated in that their "off the clock" claims are unified through a common theory of Defendants' FLSA violations.

28. Defendants' violations, as alleged herein, were willful with reckless disregard to FLSA's overtime compensation requirements, all of which has caused significant damage to Plaintiff and class members.

29. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

30. Plaintiff estimates there are more than 50 similarly situated members of the collective class. The precise number of collective class members can be easily ascertained by examining

      Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice at all of Defendants' businesses and facilities.

31. Plaintiff and class members' unpaid wage claims for the aforementioned "off-the-clock" work time may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

32. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

33. This count arises from Defendants' violation of the FLSA in connection with their failure to pay Plaintiff and class members for all overtime work performed.

34. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

35. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

36. Through their actions, plans, de facto policies, and actual practices Defendants violated the FLSA by failing to compensate Plaintiff and collective members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

37. Defendants' actions were willful with reckless disregard to clearly applicable FLSA provisions.

38. Defendants did not act in good faith.

39. The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA violations.

40. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

41. Therefore, Defendants are liable to Plaintiff and collective members for actual damages, liquidated damages, as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

b) Award Plaintiff and class members liquidated damages against Defendants in accordance with the FLSA;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d) Award prejudgment interest against Defendants (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend the Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.


Dated: September 2, 2022.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiffs*